**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, DISABILITY RIGHTS
FLORIDA, and COMMON CAUSE,

      Plaintiffs,

v.                                                        CASE NO. 4:21-cv-187-MW/MAF

LAUREL M. LEE, in her official
capacity as Secretary of State of
Florida,

      Defendant.

_____/

**SECRETARY OF STATE'S MOTION TO DISMISS
WITH INCORPORATED MEMORANDUM OF LAW**

## I.   Introduction

The Plaintiffs challenge five of the thirty-two sections of Chapter 2021-11, Laws of Florida, but still call the bill "a sweeping set of provisions" that are "just the latest in a long line of voter suppression laws." Doc. 1 at ¶¶ 4, 5. The Plaintiffs are entitled at the pleading stage to their (mis)characterization of a law that does everything from mandating load and capacity testing for election infrastructure to requiring more transparent reporting and canvassing of election results. But the Secretary of State is entitled to facts of the "simple, concise, and direct" variety organized around "separate count[s]." Fed. R. Civ. P. 8(d)(1), 10(b). The Secretary

is also entitled to an explanation of how she, as the only Defendant, is the cause of *any and all* alleged harm under the Plaintiffs' theory of the case. *See Jacobson v. Florida Secretary of State*, 974 F.3d 1236 (11th Cir. 2020). The Plaintiffs provide neither the "simple, concise, and direct" allegations nor the explanation required by Article III of the U.S. Constitution and the Eleventh Circuit's decision in *Jacobson*. Because enmity and hyperbole are no substitute for well-pled facts, this Court should dismiss the Plaintiffs' Complaint under Rules 8(a)(2), 10(b), and 12(b)(1).

## II.   <u>Argument</u>

### A.   **Shotgun complaints always miss the mark.**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "While detailed factual allegations are not required to survive a motion to dismiss, 'Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.'" *Beekman v. Freddie Mac*, 827 F. App'x 999, 1001 (11th Cir. 2020) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Rule 10(b) further provides that "claims or defenses [must be stated] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that," among other things, "his adversary can discern what he is claiming and frame a responsive pleading" and "the court can determine which facts support which claims and whether the plaintiff has

stated any claims upon which relief can be granted . . . ." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citations omitted). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.* "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citations omitted).

The Plaintiffs' Complaint misses the mark. The Complaint begins with over one hundred paragraphs of factual allegations. Five conclusory counts follow, each with numbered paragraphs. The Plaintiffs fail to match any of the over one hundred factual allegations to any of the five counts. Each count simply incorporates by reference all *preceding* paragraphs, which the Eleventh Circuit criticized in *Weiland*. Worse still, each count also incorporates by reference all *subsequent* paragraphs. So each of the five counts includes *all* 178 paragraphs in the Complaint, leaving the reader to guess which paragraphs are relevant to which claim. "It is not the duty of the defendant[] or [the] Court to sift through the Complaint and guess which factual

3

allegations support which claims." *Discon Inc. v. NYNEX Corp.*, No. 90-CV-546A, 1992 WL 193683, at *16 (W.D.N.Y. June 23, 1992). That burden rests squarely on the Plaintiffs and they have not carried it.

Thus, this Court should dismiss the Complaint for failure to comply with Rules 8(a)(2) and 10(b). *See Estate of Bass.*, 947 F.3d at 1358.

### B.   At the very least, *Jacobson* requires dismissal of Counts III, IV, and V.

While not a model of clarity, one thing is clear from the Complaint: the Secretary is the only named Defendant. In *Jacobson*, however, the Eleventh Circuit held that simply suing the Secretary was not enough—that plaintiffs lacked standing to challenge Florida's ballot order statute "because any injury would be neither traceable to the Secretary nor redressable by relief against her." 974 F.3d at 1253. The Eleventh Circuit explained that "[t]o satisfy the causation requirement of [Article III] standing, a plaintiff's injury must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Id.* (citations omitted). The holding was rooted in the recognition that the general statutory provisions concerning the Secretary's role as chief election officer do not provide the necessary causal link; and that county Supervisors of Elections act as independent constitutional officers responsible for implementing the State's election laws. *Id.* Because the injury alleged stemming from a ballot order statute was attributable, if at all, to the Supervisors, the plaintiffs

in *Jacobson* lacked Article III standing to sue the Secretary. *Jacobson* thus requires the Plaintiffs to link the Secretary to the injuries they allege and the relief they seek.[1] This the Plaintiffs do not do in their Complaint.

Section II. A. of the Complaint includes the same boilerplate allegation for each of the Plaintiffs:

> SB 90's restrictive provisions will severely burden or deny the right to vote of the [Plaintiff's] members [or constituents] by imposing new and burdensome identification requirements for voters requesting VBM ballots; restrictions and burdensome requirements for standing VBM applications; severe limitations on where, when, and how drop boxes can be used; limitations on third-party VBM ballot return; and potential criminal penalties for individuals who provide free food and water or other assistance to voters.

Doc. 1 at ¶¶ 18, 22, 24. All of these alleged injuries would result from either: the review of voter identification in connection with vote-by-mail ("VBM") ballot requests; the renewal of standing VBM applications; the operation and monitoring of drop boxes; the acceptance of VBM ballots from third parties; or the supervision of election-day voting lines. All of these activities include prominent roles for the Supervisors of Elections; the last two are the exclusive province of the Supervisors. But not one of the Supervisors is listed as a Defendant.

Counts at the end of the Complaint allege other injuries, but none are specifically attributable to the Secretary. Count I is a claim under section 2 of the

---

[1] Specifically, as standing is a threshold determination, the Plaintiffs must "clearly . . . allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Voting Rights Act. It refers to "social, economic, and historical conditions" that are obviously beyond the Secretary's control; actions by the "Florida Legislature" and "legislators," not the Secretary; and the "totality of circumstances" without explaining which of the circumstances are the Secretary's fault. Doc. 1 at ¶¶ 128-130. Count II is an *Anderson/Burdick*[2] claim under the First and Fourteenth Amendments to the U.S. Constitution. It refers to "implementation and enforcement" of the new legislation without pointing to anything in particular. *Id*. at ¶ 139. Count III is an Americans with Disabilities Act ("ADA") claim concerning a failure to provide reasonable accommodations for disabled voters returning VBM ballots or voting in person, tasks within the Supervisors' purview. *Id*. at ¶¶ 149-152. Count IV is a First Amendment claim focused entirely on alleged restrictions imposed on those interacting with voters in voting lines, which touches on an exclusive responsibility of the Supervisors to manage voting lines. *Id*. at ¶¶ 158-164. Count V is a vagueness and overbreadth challenge to the alleged restrictions on interactions with those waiting in voting lines, referring only to "local officials, law enforcement officers, and prosecutors" —not the Secretary. *Id*. at ¶ 169.

The Prayer for Relief ignores that the Supervisors are independent constitutional officers. There, the Plaintiffs ask for "[a]n injunction barring

---

[2] The full citations are as follows: *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1992).

Defendant and her agents, officers, employees, and successors, and all persons acting in concert with each or any of them or under their direction" from enforcing any of the five sections of Chapter 2021-11.  *Id.* at ¶ 173.

Much like the *Jacobson* plaintiffs, the Plaintiffs in this case are left trying to impute some causal connection between the Secretary and their alleged injuries by pointing to the Secretary's role as "chief election officer."  So they cite to the Secretary's general responsibilities to:

> [o]btain and maintain uniformity in the interpretation and implementation of the election laws," Fla. Stat. § 97.012(1); to adopt rules to implement new laws, including SB 90; to enforce compliance with the Florida Election Code and with rules adopted by the Department of State, *id*. § 97.012(14), to "[c]reate and administer a statewide voter registration system as required by the Help America Vote Act of 2002," *id*. § 97.012(11); to "[p]rovide written direction and opinions to the supervisors of elections on the performance of their official duties with respect to the Florida Election Code or rules adopted by the Department of State," *id*. § 97.012(16); and to perform other tasks as set by state law.

*Id.* at ¶ 25.  They also cite to a section of the new law which provides: "If any drop box is left accessible for ballot receipt other than as authorized by this section, the supervisor is subject to a civil penalty of $25,000.  The [D]ivision [of Elections] is authorized to enforce this provision."  *Id*. at ¶ 27 (citing § 28 Chapter 2021-11).

Yet *Jacobson* cautioned against the use of generally applicable provisions to bridge the causal gap for purposes of Article III standing.  *Jacobson*, 974 F.3d at 1254 (citing *Lewis v. Gov. of Ala*., 944 F.3d 1287, 1300 (11th Cir. 2019) (en banc)).

That is because "the Supervisors [and other local officials] are independent officials under Florida law who are not subject to the Secretary's control."  *Id*. at 1253. Indeed, the Florida Constitution makes Supervisors independent constitutional officers; boards of county commissioners compensate the Supervisors and set the budget for their offices; and only the Governor together with the Florida Senate can suspend and remove a supervisor, not the Secretary.  *Id*. at 1253-54 (collecting citations).  The Supervisors and other local officials are not agents of the Secretary and are not bound by judgments against the Secretary, persuasive as any judgments might be on an issue.  *See id*. (citing *Lewis*, 944 F.3d at 1305).

Under the most charitable of readings,[3]  if re-pled, the Plaintiffs might satisfy *Jacobson*'s causation requirement for their Voting Rights Act (Count I) and *Anderson/Burdick* (Count II) claims.  The Plaintiffs' theory for both claims appears to be that the five sections of Chapter 2021-11 being challenged—taken as a whole— result in deprivation of the right to vote (the Voting Rights Act claim) or impose an undue burden on the right to vote (the *Anderson/Burdick* claim).  The Secretary has a role in implementing some of the challenged provisions such as the voter

---

[3] The Secretary offers this reading of the Complaint because, at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] presume that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).  The reading is charitable because, "[i]t is not . . . proper to assume that [the Plaintiffs] can prove facts that [they] ha[ve] not alleged."  *Twombly*, 550 U.S. at 563 n.8 (citations omitted).

registration requirements.  According to the Plaintiffs' theory, because the Secretary might somehow contribute to the alleged harm under Counts I and II, some relief against her could redress some of the alleged harm; so, they could have standing to sue the Secretary.  The same cannot hold true for Counts III, IV, and V.  The Secretary has no obvious role in providing ADA accommodations for individual voters returning VBM ballots or voting in person (Count III), *see* Doc. 1 at ¶¶ 149-152, or in managing lines at precincts (Counts IV and V).  *Id*. at ¶¶ 158-164, 169.  So even if Plaintiffs re-plead, they have no standing to sue the Secretary for the claims in Counts III, IV, and V.  And this Court cannot order relief against the Secretary on Counts III, IV, and V where that relief would not redress the Plaintiffs' alleged injuries.  *See Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982).

Thus, consistent with Federal Rule of Civil Procedure 12(b)(1) and the Eleventh Circuit's decision in *Jacobson*, at a minimum, this Court should dismiss Counts III, IV, and V of the Complaint.

### III.   Conclusion

"Federal courts are not constituted as free-wheeling enforcers of the Constitution and laws." *Wood v. Raffensperger*, 981 F.3d 1307, 1313 (11th Cir. 2020) (citations omitted).  The Plaintiffs must adequately allege facts and establish

subject matter jurisdiction for each claim before proceeding.  They have failed to do so here.  The Secretary thus asks this Court to dismiss the Complaint.

Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
General Counsel
brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
Deputy General Counsel
ashley.davis@dos.myflorida.com
Florida Department of State
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
gperko@hgslaw.com
Hopping Green & Sams, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax: (850) 224-8551

*Counsel for Secretary of State Lee*

Dated:  May 28, 2021

### <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES</u>

The undersigned certifies that the foregoing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that the foregoing complies with the word limit in Local Rule 7.1(F); this motion and memorandum of law contains 2228 words, excluding the case style, signature block, and certificates.

*/s/  Mohammad O. Jazil*
Attorney

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to  all counsel of record through the Court's CM/ECF system on May 28, 2021.

*/s/  Mohammad O. Jazil*
Attorney