IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                                          Case No.:  4:21cv187-MW/MAF

**LAUREL M. LEE, in her official
capacity as Florida Secretary of
State,**

    *Defendant.*

_____/

## ORDER GRANTING MOTION TO INTERVENE

This Court has considered, without hearing, the Republican National Committee and National Republican Senatorial Committee's ("Proposed Intervenors") Motion to Intervene. ECF No. 19. Plaintiffs' oppose the intervention. ECF No. 37. For the reasons provided below, the motion is **GRANTED**.

A court must allow a party to intervene when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the actions, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24 (a)(2). The Eleventh Circuit has translated the rule into a four-factor requirement—(1) the application must be timely, (2) the

proposed intervenors must have an "interest relating to the property or transaction which is the subject of the action," (3) the proposed intervenors must be "so situated that the disposition of the action, as a practical matter, may impede [their] ability to protect that interest"; and (4) their interest must be "represented inadequately by the existing parties to the suit." *Stones v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (citations omitted).

The Proposed Intervenors assert they have an interest in ensuring that Plaintiffs do not "upend Florida's duly enacted rules." ECF No. 20 at 3. Although the Proposed Intervenors' claim that Defendants cannot adequately represent their interest in ensuring that Florida's laws are not upended is suspect, this Court need not decide whether Proposed Intervenors can intervene as of right. *See League of Women Voters of Fla. v. Detzner*, 283 F.R.D. 687, 688 (N.D. Fla. 2012) ("Whatever might be said of the litigation stance of public officials generally, the State of Florida has recently—repeatedly—shown little reluctance to pursue litigation on matters of this kind; the state is no shrinking violet.").

This is so because a district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive joinders. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)).

2

This Court exercises its discretion in granting Proposed Intervenors' motion. In doing so, this Court "consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). First, Plaintiffs express their intention to add all 67 Florida supervisors of elections as defendants in this case. ECF No. 37 at 5 n.2. Adding two more defendants is unlikely to cause additional or significant delay. And it is this Court's experience that adding the Proposed Intervenors will not necessarily prejudice the original parties because there is usually a significant overlap between the arguments made by the Secretary of State and these Proposed Intervenors.

But even if adding additional defendants creates some delay, as this Court recognized in *Jacobson v. Detzner*, that delay is marginal when compared to the risk that "denying Proposed Intervenors' motion [will] open[] the door to delaying the adjudication of this case's merits for months—if not longer"—while Proposed Intervenors appeal this Court's decision. Case No. 4:18cv262-MW/CAS, 2018 WL 10509488, at *1 (N.D. Fla. July 1, 2018).

As in *Jacobson*, this is a time-sensitive election case. Indeed, Proposed Intervenors have already invoked the specter of *Purcell*. *See* ECF No. 26 at 8–9. The people of Florida are better served by deciding this case sooner rather than later. As

3

such, this Court will not open the door to such an unnecessary delay.

**SO ORDERED on June 8, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
