IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                                     **Case Nos.: 4:21cv186-MW/MAF**
                                                                         **4:21cv187-MW/MAF**
                                                                         **4:21cv242-MW/MAF**

**LAUREL M. LEE, in her official
capacity as Florida Secretary of
State, et al.,**

    *Defendants*.
_____/

## ORDER ON MOTIONS TO CONSOLIDATE

This Court has considered, without hearing, Defendant Lee's Unopposed Motions to Consolidate *League of Women Voters, et al., v. Lee, et al.*, No. 4:21cv186 (N.D. Fla.) with *NAACP, et al., v. Lee, et al.*, No.: 4:21cv187 (N.D. Fla.), *Florida Rising Together, et al. v. Lee, et al.*, No.: 4:21cv201 (N.D. Fla.), and *Harriet Tubman Freedom Fighters, Corp. et al. v. Lee, et al.*, No.: 21cv242 (N.D. Fla.). ECF Nos. 87, 49, & 5. Defendant's motions, ECF Nos. 87, 49, 5, are **GRANTED in part and DENIED in part**; this Court will consolidate *NAACP*, No.: 4:21cv187, and *Harriet Tubman*, No.: 21cv242, with *League of Women Voters*, No. 4:21cv186, for discovery purposes only, and will defer ruling on the question of consolidation for trial until after discovery is completed and all dispositive motions have been ruled on. *See*

*Yaffa v. Sunsouth Bank*, No. 3:12CV288-MCR-CJK, 2013 WL 11522043, at *1 (N.D. Fla. May 7, 2013) (consolidating two cases for discovery purposes and deferring ruling on consolidation for trial); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed.) ("consolidation need not be only for trial. Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court.").

To be clear, these three cases are consolidated for discovery purposes only. *League of Women Voters*, 4:21cv186, as the lowest-numbered, first-filed case, will serve as the parent case. Any motions to dismiss, for summary judgment, or other motions not related to discovery must be filed in its corresponding case, *not* in the parent case. Only discovery motions and motions for deadline extensions can be filed jointly across cases and should be filed only in the parent case.

All parties in each of the three cases must meet for a joint scheduling conference **on or before July 6, 2021** and file a corresponding Rule 26 report in *League of Women Voters*, No.: 4:21cv186, **on or before July 19, 2021**. Thereafter, this Court will issue scheduling orders for each case with identical deadlines. Motions to extend discovery deadlines should be filed only with the parent case.

Once all dispositive motions have been decided, this Court will consider the question of consolidation for trial upon motion from any party. The parties are free

to seek clarification of this order if needed.

Finally, Defendant's motion is **DENIED without prejudice** as to *Florida Rising*, No.: 21cv201. That case is not before this Court. Defendant may move to transfer that case and Judge Winsor will decide the issue.

**SO ORDERED on June 17, 2021.**

                                                        <u>s/Mark E. Walker</u>
                                                        **Chief United States District Judge**