IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                         Case No.:  4:21cv186-MW/MAF
                                                               4:21cv187-MW/MAF

**LAUREL M. LEE, in her official**             4:21cv201-MW/MJF
**capacity as Florida Secretary of**             4:21cv242-MW/MAF
**State, et al.,**

    *Defendants*,

and

**NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,**

    *Intervenor-Defendants.*
_____/

## ORDER ON MOTION FOR PROTECTIVE ORDER

Defendant Palm Beach County Supervisor of Elections, Wendy Sartory Link, moves for a protective order prohibiting Intervenor-Defendants from taking her deposition. ECF No. 281. Defendant Link argues that the "deposition sought is overly burdensome" and that she is entitled to special considerations as a high-ranking government official. *See* ECF No. 281-1. Intervenor-Defendants oppose the

motion. ECF No. 284. As explained below, the motion is **GRANTED in part** and **DENIED in part**.

I

A

Generally, courts take a permissive view of discovery. Likewise, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985). This is because "[r]ules favoring broad discovery help 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.' " *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Relevant here, Federal Rule of Civil Procedure 30(a)(1) states that "[a] party may, by oral questions, depose any person, including a party, without leave of court."

But discovery has limits. Rule 26(c) allows "[a] party or . . . person from whom discovery is sought [to] move for a protective order," Fed. R. Civ. P. 26(c)(1), which this Court may grant if the moving party establishes good cause, *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1249 (11th Cir. 2020). Ordinarily, that means the party seeking a protective order must show "specific prejudice or harm will result if" this Court does not issue a protective order. *Odom*, 337 F.R.D. at 362.

Defendant Link's motion, however, presents an additional wrinkle; namely, Defendant Link argues that, because she is a high-ranking official, Intervenor-Defendants must make "a showing beyond mere relevance" before they can take her deposition. ECF No. 281-1 at 4. Defendant Link is right. Taking guidance from the Supreme Court's decision in *United States v. Morgan*, 313 U.S. 409 (1941), courts have held that depositions of high-ranking officials are disfavored. *See In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (explaining that "[t]he reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses"). That said, "[i]n the Eleventh Circuit, there is no *per se* rule forbidding the deposition of high-ranking government officials." *Fair Fight Action, Inc. v. Raffensperger*, 333 F.R.D. 689, 692 (N.D. Ga. 2019) (quotation omitted). And while the doctrine's contours are not crystalline, courts generally agree on the test for resolving motions like Defendant Link's.

First, Defendant Link carries the burden to prove that she is a high-ranking official. *Odom*, 337 F.R.D. at 364. "[T]here is no hard and fast rule" for determining who is a high-ranking official; the determination must be made "on a case-by-case basis." *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 321 (D.N.J. 2009). Second, provided Defendant Link makes the requisite showing, the burden shifts to Intervenor-Defendants to show:

3

   (1) deposing the official is necessary to obtain relevant, "first-hand" information;
   (2) the information possessed by the official is important to the case;
   (3) the deposition would not significantly interfere with the ability of the official to perform [her] government duties or reasonable accommodations could ameliorate such interference; and
   (4) the evidence sought is not reasonably available through less-burdensome means or alternative sources.

*Odom*, 337 F.R.D. at 365. With this standard in mind, this Court turns to the parties' arguments, starting with the issue of whether Defendant Link is a high-ranking official entitled to special protections.

B

Defendant Link argues that she "is a high-ranking government official as she is the elected Supervisor of Elections for Palm Beach County, which boasts over one million registered voters and encompasses the largest geographic area in the State of Florida." ECF No. 281-1 at 6.

In response, Intervenor-Defendants argue that the rationale underpinning the special protections for high-ranking officials is "that government officials could be faced with a substantial burden if they are required to submit to a deposition in a multitude of civil actions." ECF No. 284 at 6. Here, Intervenor-Defendants say, "[t]hat rationale is not present." *Id.*[1]

---

[1] The parties both make other arguments that this Court finds have little to do with whether Defendant Link qualifies as a high-ranking official. For example, Defendant Link appears to argue she is a high-ranking official because "she frequently works a tremendous number of hours." ECF

4

Because there is no hard and fast test, this Court looks to other cases in which courts found the party challenging a deposition to be a high-ranking official. For example, courts have found sheriffs, corporate general counsels, state secretaries of state, and city managers to be high-ranking officials. *See Odom*, 337 F.R.D. at 364; *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015); *Greater Birmingham Ministries v. Merrill*, 321 F.R.D. 406, 409 (N.D. Ala. 2017); *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2012 WL 760743, at *3 n.6 (S.D. Fla. Mar. 7, 2012).

Supervisors of elections are elected county officers. The Florida Constitution specifically creates their position. Art. VIII, § 1(d), Fla. Const. Each supervisor of elections is "the custodian of the voting system in" their respective county. § 101.34, Fla. Stat. And they are responsible for a host of other election-related duties, such as maintaining up-to-date registration information for their counties. § 98.015, Fla. Stat. Plus, the supervisors are solely and entirely responsible for setting the order in which candidates names appear on the ballot in each election. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020).

---

No. 281-1 at 6. Intervenor-Defendants, for their part, argue that supervisors often sit for depositions and that Defendant Link is a party to this case. This Court, however, does not find these facts to be particularly relevant to the issue of whether Florida's supervisors of elections are high-ranking officials.

5

Simply put, in a state where some counties include millions of voters, serving as the supervisor of elections is no minor task. Analogizing to the cases above, supervisors of elections are just as high-ranking as sheriffs, corporate general counsels, or city managers. They are accountable to the voters of their counties and the serve as the figureheads of the county-wide offices that run all Florida elections. Accordingly, this Court finds that Defendant Link in her capacity as Supervisor of Elections for Palm Beach County is a high-ranking official. The question then becomes whether Intervenor-Defendants have made the requisite showing to take her deposition.

C

To recap, before Intervenor-Defendants can take Defendant Link's deposition, they must show that she has "first-hand" information that is important to this case, that the deposition will not interfere with Defendant Link's duties, and that the evidence Intervenor-Defendants seek is not accessible through other, less-burdensome means.

On the first point, Intervenor-Defendants argue that they "are interested in discovering Supervisor Link's involvement in and influence over the SB 90 challenged provisions as [SB 90] moved through the legislative process." ECF No. 284 at 9. Specifically, "Intervenor-Defendants wish to depose Supervisor Link, in part, with respect to her involvement in lobbying and any involvement with

6

individual lobbyists, legislators, or organizations relating to SB 90." *Id.* And they claim to know that Defendant Link has such knowledge because Hillsborough County Supervisor of Elections Craig Latimer testified that Defendant Link served on a work group for the professional association that represents the Florida Supervisors of Elections (the FSE). Intervenor-Defendants allege that this work group communicated with the FSE's lobbyist and the legislative committees considering SB 90 and its house equivalent. *Id.* at 9 n.1; ECF No. 284-2.

Defendant Link responds that she has already produced a letter "drafted by the FSE on behalf of all Florida Supervisors which lays out their positions" and that she has "produced in discovery the only other document indicative of her position as it related to early versions of SB90 and its accompanying House Bill." ECF No. 281-1 at 7.

Although Defendant Link has already provided discovery addressing the topic Intervenor-Defendants wish to explore, that does not mean she lacks first-hand knowledge of information important to this case. Intervenor-Defendants have shown that Defendant Link may have some knowledge of the FSE's communications with its lobbyist, and potentially the Florida Legislature, relating to SB 90. And, given the importance of SB 90's legislative history to several of Plaintiffs' claims in this case, that information may be important. The question then is whether it would be

7

too burdensome to allow Defendant Link's deposition and whether this information is available from another source.

As for the burden on Defendant Link, Intervenor-Defendants argue that other supervisors have sat for depositions, *ipso facto* sitting for a deposition will not burden Defendant Link. While this Court rejects that argument, it is satisfied that a reasonable accommodation can ameliorate any deleterious impact that sitting for a deposition may have on Defendant Link's official duties; namely, limiting the scope of Defendant Link's deposition.

Finally, Intervenor-Defendants have shown that the information they seek is not available from another source. While Defendant Link has produced a letter setting out the FSE's position, that letter cannot show what the FSE may have privately communicated to the Florida Legislature. Accordingly, this Court finds that Intervenor-Defendants have met the requirements for deposing a high-ranking official. The motion for a protective order is therefore **DENIED in part**.

* * *

This Court's ruling that Intervenor-Defendants can depose Defendant Link on one topic does not open the door to all topics. *See e.g.*, *Raffensperger*, 333 F.R.D. at 698 (limiting the scope of permissible deposition topics for Georgia's governor and secretary of state). Thus, Defendant Link's motion for a protective order is **GRANTED in part**.

Defendant Link's deposition will be *strictly* limited to the information Intervenor-Defendants cannot obtain elsewhere; namely, the nature and extent of Defendant Link's interaction with the Florida Legislature during SB 90 or HB 7041's drafting process.[2] This Court recognizes that it may very well be a short deposition, but at any rate, (1) it shall not be longer than two hours[3] (objections included), (2) it shall cover *only* the topic set out above,[4] and (3) it shall occur at a date and time that is convenient to and least disruptive of Defendant Link's schedule.

**SO ORDERED on October 19, 2021.**

s/Mark E. Walker<br>
**Chief United States District Judge**

---

[2] That is not to say that this is the only topic Intervenor-Defendants could possibly question Defendant Link on. It is simply the only information not otherwise available from another source that Intervenor-Defendants have identified. This Court will not speculate as to what other information Defendant Link may have personal knowledge of.

[3] Two hours should be far more time than necessary to explore the very narrow topic Intervenor-Defendants wish to explore. Nonetheless, this Court has set aside two hours in an abundance of caution.

[4] After the deposition is scheduled, the parties shall notify this Court's Courtroom Deputy of the time and date so that the Court may be available by phone to resolve any unexpected disputes that may hinder the deposition.