**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,**

***Plaintiffs*,**

**v.** **Case No.: 4:21cv186-MW/MAF**
**4:21cv187-MW/MAF**

**LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,**

***Defendants,***

**and**

**NATIONAL REPUBLICAN SENATORIAL COMMITTEE and REPUBLICAN NATIONAL COMMITTEE,**

***Intervenor-Defendants.***
______________________________________/

**ORDER GRANTING LEAVE TO EXTEND DISCOVERY FOR LIMITED PURPOSE OF TAKING NON-PARTY'S DEPOSITION**

Plaintiffs move for leave to take a Rule 30(b)(6) deposition of non-party Heritage Action for America ("Heritage Action") after the close of discovery. ECF No. 260. Defendant Lee opposes the motion. ECF No. 306.[1] Plaintiffs assert good

[1] Plaintiffs should have filed their motion in Case No. 4:21cv186. However, they only filed their motion in Case No. 4:21cv187. Accordingly, all citations to the record are from docket entries in Case No. 4:21cv187, except with reference to Defendant Lee's opposition—ECF No. 306 in

cause exists for "a modest discovery extension" to take Heritage Action's deposition because they have diligently sought this discovery, but "Heritage Action has refused to comply with Plaintiffs' subpoenas and rebuffed Plaintiffs' offers to negotiate the scope of those discovery requests." ECF No. 260 at 5. Plaintiffs assert this "lack of cooperation has made it impossible for Plaintiffs to complete taking discovery from Heritage Action," before the discovery deadline of October 22, 2021. *Id*.

In response, Defendant Lee opposes any discovery extension, citing this Court's scheduling and mediation order, ECF No. 165. Defendant Lee notes that "extending the time to complete discovery threatens to delay both the dispositive motions deadline and the date currently set for trial," accordingly, Defendant Lee urges this Court to deny the motion. ECF No. 306 at 2. Defendant Lee goes on to speculate that a brief extension of discovery to allow the non-party's deposition would result in a "subsequent postponement of deadlines [that] might stretch into the distant future if Heritage Action choses to exhaust its appellate rights." *Id*. at 3.

To start, a brief review of the timeline is necessary. Plaintiffs filed their complaint on May 6, 2021. ECF No. 1. Judge Winsor reassigned this case to this Court roughly a week later, ECF No. 16, and this Court entered its initial scheduling order on June 4, 2021, ECF No. 41. This Court ordered the parties to begin discovery

Case No. 4:21cv186. And Plaintiffs are on notice—if they continue to fail to comply with this Court's directions to file discovery motions in the consolidated parent case, Plaintiffs' future motions will be summarily denied.

immediately. *Id*. at 1. On July 23, 2021, this Court subsequently entered its scheduling and mediation order, setting a discovery deadline of October 22, 2021. ECF No. 165. This Court noted that it would *not* liberally grant extensions absent compelling good cause and would instead hold the parties to their deadlines for the expeditious resolution of this case. *Id*. at 1 n.1.

During the course of discovery, on August 5, 2021, Plaintiffs issued a third-party subpoena to Heritage Action for the production of documents. *See* ECF No. 260-1. Heritage Action did not respond until September 7, 2021, at which time it filed objections to Plaintiffs' subpoena duces tecum. ECF No. 260-2. Plaintiffs improperly moved to compel production from Heritage Action in this Court on September 22, 2021, ECF No. 231, and refiled their motion in the Southern District of Florida on September 27, 2021, ECF No. 260-3.

On October 6, 2021, while their motion to compel was pending, Plaintiffs subpoenaed Heritage Action for a Rule 30(b)(6) deposition. ECF No. 260-4. The District Court for the Southern District of Florida subsequently granted Plaintiffs' motion to compel production under their subpoena duces tecum on October 19, 2022, ECF No. 260-6, and denied without prejudice Heritage Action's motion to quash the deposition subpoena on October 22, 2021, ECF No. 260-9. On the final day of discovery, given Heritage Action's refusal to submit to a Rule 30(b)(6)

deposition, Plaintiffs filed their now-pending motion for leave to take the deposition after the close of discovery. ECF No. 260.

Federal Rule of Civil Procedure 16(b) requires this Court to issue a scheduling order that limits the time to complete discovery. *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing Fed. R. Civ. P. 16(b)(3)(A)). This schedule may be modified only for good cause and with this Court's consent. *Id.* (citing Fed. R. Civ. P. 16(b)(4)). Rule 6(b) also provides that "when an act must be done within a specified time, the court may extend that time period for good cause." *Id*. (citing Fed. R. civ. P. 6(b)(1)).

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Id*. (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). Courts often deny motions to extend discovery deadlines when the party making the request has not acted diligently in seeking the requested discovery ahead of the deadline. But here, Plaintiffs have acted diligently in seeking the requested discovery by issuing their subpoena duces tecum in August and successfully defending the subpoena in the Southern District of Florida ahead of the discovery deadline of October 22, 2021. Though Plaintiffs waited two months before issuing the subpoena to depose Heritage Actions' 30(b)(6) designee, they sought this third-party

deposition ahead of the discovery deadline and in the midst of an ongoing discovery dispute with the same entity.

Although this Court is loath to extend any deadlines in this case absent a compelling reason, this Court concludes that Heritage Action's conduct has stalled discovery and Plaintiffs have demonstrated good cause for a brief extension solely to allow for this deposition. Accordingly, Plaintiffs' motion, ECF No. 260, is **GRANTED in part** and **DENIED in part**. To the extent Plaintiffs seek to compel Heritage Action's attendance at any deposition, they must file a motion to compel with the appropriate court. *See* Fed. R. Civ. P. 37(a)(2) (noting that a motion to compel "for an order to a nonparty must be made in the court where the discovery is or will be taken") and Fed. R. Civ. P. 30(b)(4) (noting that for depositions by remote means, "the deposition takes place where the deponent answers the questions"). The discovery deadline in Case No. 4:21cv187 is extended to **Wednesday, November 10, 2021**, solely for the purpose of conducting the Rule 30(b)(6) deposition of Heritage Action. All other deadlines remain the same.

**SO ORDERED on November 1, 2021.**

**s/Mark E. Walker**
**Chief United States District Judge**