UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, COMMON CAUSE FLORIDA, AND DISABILITY RIGHTS FLORIDA,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,<br><br>Defendants,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE,<br><br>Intervenor-Defendants. | 4:21-cv-187-MW/MAF<br><br>Cases Consolidated for Trial With:<br><br>Case Nos.:<br><br>4:21-cv-186-MW/MAF (lead case)<br>4:21-cv-201-MW/MAF<br>4:21-cv-242-MW/MAF |

**THE *NAACP* PLAINTIFFS' RENEWED MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES, EXPERT FEES, AND LITIGATION EXPENSES AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to 42 U.S.C. §§ 1983 and 1988, Fed. R. Civ. P. 54(d), and Local

Rule 54.1, Plaintiffs Florida State Conference of Branches and Youth Units of

the NAACP, Common Cause, and Disability Rights Florida (collectively, "the *NAACP* Plaintiffs") respectfully request that this Court find that the *NAACP* Plaintiffs are prevailing parties entitled to an award of attorneys' fees, expert fees, and litigation expenses against Defendant Laurel M. Lee, in her official capacity as the Florida Secretary of State.[1]

## I. INTRODUCTION

The *NAACP* Plaintiffs are prevailing parties under 42 U.S.C. § 1988 because the Court awarded, and the Eleventh Circuit affirmed, in part, the *NAACP* Plaintiffs' permanent injunctive relief on the merits of their First Amendment challenge to the Solicitation Definition, which was brought pursuant to 42 U.S.C. § 1983. *See* ECF Nos. 351, 352. As such, the *NAACP* Plaintiffs are entitled to their reasonable attorneys' fees, expert fees, and litigation expenses incurred in pursuit of that relief.

Obtaining such relief took great effort, including defending against motions to dismiss, wading through millions of pages of discovery from

---

[1] Plaintiffs make this motion pursuant to Local Rule 54.1(A)'s bifurcated procedure, which requires "[a] party who seeks an award of attorney's fees" to "first move for a determination of the party's *entitlement* to a fee award." The party may "move for a determination of the *amount* of an award only after the Court determines the party's entitlement to an award." *Id.* If the Court determines that Plaintiffs are entitled to an award of their attorneys' fees, expert fees, and litigation expenses incurred in pursuit of the permanent injunction and judgment successfully obtained in this action, the *NAACP* Plaintiffs will file a motion for determination of the amount of the award, pursuant to Local Rule 54.1(E), supported by detailed time entries and declarations supporting the recoverable amount of such fees related to the First Amendment claim or work that cannot be separated between that claim and other claims.

Defendants, taking and defending numerous depositions, defending against a motion for summary judgment, participating in a two-and-a-half-week trial, in which the *NAACP* Plaintiffs' counsel examined key witnesses, and defending against an appeal to the Eleventh Circuit of this Court's judgment.

Given this effort, an award of the expenses and fees reasonably incurred by the *NAACP* Plaintiffs in obtaining this relief is appropriate.

## II.  BACKGROUND

This Court is familiar with the underlying facts from the pretrial proceedings, the weeks-long trial, and the extensive post-trial briefing, and so the background is recounted only briefly here.

On May 6, 2021, the same day Governor DeSantis signed Senate Bill 90 into law, the *NAACP* Plaintiffs filed a complaint for declarative and permanent injunctive relief in this Court. ECF No. 1. The *NAACP* Plaintiffs subsequently filed their First Amended Complaint ("FAC"), which became the operative complaint. ECF No. 45. In the FAC, the *NAACP* Plaintiffs challenged four provisions of Senate Bill 90 as unconstitutional under the First, Fourteenth, and Fifteenth Amendments and violating the VRA and the Americans with Disabilities Act ("ADA"): (1) the Drop-Box Provisions, (2)

the VBM Request Provision, (3) the Solicitation Definition, and (4) the Volunteer Assistance Ban.[2] *Id.*

The named defendants were Florida Secretary of State Lee, and all 67 of Florida's Supervisors of Elections, all of whom were sued in their official capacities. *Id.* The Court permitted the Republican National Committee and the National Republican Senatorial Committee (collectively, "Republican Intervenors") to intervene to defend the laws alongside the named defendants. ECF No. 43.

The case was consolidated with three other cases for discovery purposes. ECF No. 92. Plaintiffs sought information on the enactment of SB 90 and the actual and anticipated effects of SB 90 from every Defendant. Plaintiffs received millions of pages of documents in response to their discovery requests. In turn, the *NAACP* Plaintiffs were required to provide responses and objections to dozens of discovery requests (namely, requests for production of documents and interrogatories) propounded by the opposing parties. The *NAACP* Plaintiffs also prepared for, and participated in, the depositions of several key witnesses and experts. For example, the

---

[2] For ease of reference, the *NAACP* Plaintiffs adopt the terminology used in the Court's Final Order for the challenged provisions, except for the Volunteer Assistance Ban (Section 104.0616(2), Florida Statutes (2021)), which was dismissed before trial.

*NAACP* Plaintiffs defended the Rule 30(b)(6) depositions of the three named organizational Plaintiffs in this action.

On October 8, 2021, the Court largely denied the Motion to Dismiss filed by Defendant Lee. ECF No. 249. The Court dismissed the Volunteer Assistance Ban claim on standing grounds. *Id.*, at 11. The Court also dismissed the *NAACP* Plaintiffs' challenge to the VBM Request Provision and Solicitation Definition against Defendant Lee (leaving the claims against the Supervisors). *Id.* at 24-25. The Court held that, at the pleading stage, Plaintiffs could pursue all of their other claims. After the Court's Order on the Motions to Dismiss, the remaining *NAACP* Plaintiffs' claims and corresponding Defendants for those claims were as follows:

| Provision | Defendants |
|---|---|
| Drop-Box Provisions | Defendant Lee, Supervisors, Republican Intervenors |
| VBM Request Provisions | Supervisors, Republican Intervenors |
| Solicitation Definition | Supervisors, Republican Intervenors |

In late November 2021, however, Defendant Lee moved to "intervene as defendant with respect to all claims raised by Plaintiffs," including the VBM Request Provisions and the Solicitation Definition. ECF No. 300. The *NAACP* Plaintiffs opposed the Secretary's intervention. ECF No. 305. The Court ultimately granted intervention to the Secretary, "recognizing

5

Plaintiffs may suffer some prejudice" as a result. ECF No. 317, at 3. After the Court's Order, Secretary Lee, the Supervisors, and the Republican Intervenors were all defendants as to each of the three remaining claims. Secretary Lee, Supervisor Hays, Supervisor Doyle, Supervisor Latimer, Supervisor White, and the Republican Intervenors then all moved for summary judgment, ECF Nos. 278, 282, 285, 289, which the *NAACP* Plaintiffs successfully opposed, ECF Nos. 313, 315. After the Court denied Defendants' Motion for Summary Judgment, ECF Nos. 327, 328,[3] the *NAACP* Plaintiffs began intensive trial preparation in accordance with this Court's expedited timeline, *see, e.g.*, *League of Women Voters of Fla., Inc. v. Lee*, Case No. 21-cv-186 ("*LWV*"), ECF Nos. 365, 403, 432, coordinating closely with other plaintiff groups for the consolidated Zoom trial, including preparing a lengthy lineup of witnesses, preparing pretrial motions, and contributing to the pretrial stipulation.

Over the course of a two-and-a-half-week trial, the *NAACP* Plaintiffs presented testimony from each of the *NAACP* Plaintiffs; from several voters adversely affected by the challenged provisions of SB 90; and from experts Dr. Smith, Dr. Burch, and Mr. Cooper. The *NAACP* Plaintiffs' post-trial brief,

---

[3] The Court granted summary judgment to Defendants "only to the extent that Plaintiffs mount" a First Amendment facial challenge to the Solicitation Definition, and denied Defendants' motion in all other respects. ECF No. 327, at 9-10; ECF No. 328, at 31-32.

6

submitted in conjunction with the *Florida Rising* Plaintiffs, totaled more than 400 pages, detailed proposed findings of fact and conclusions of law, and included 13 appendices providing potentially helpful information from trial to the Court. *LWV,* ECF No. 652.

On March 31, 2022, this Court entered an Order granting a permanent injunction based on several of the *NAACP* Plaintiffs' claims.[4] *See* ECF No. 351. On the First Amendment claim, specifically, the Court entered a permanent injunction prohibiting Volusia County Supervisor of Elections Lewis from enforcing the Solicitation Definition. Relying on the testimony of Ms. Cynthia Slater—the president of the Volusia County-Daytona Beach Branch of the NAACP Florida State Conference—the Court found that the *NAACP* Florida State Conference had standing to challenge the Solicitation Definition against Defendant Lewis and that Plaintiff's line warming activities were expressive. ECF No. 351, at 29-35, 148. The Court found that

---

[4] *First*, the Court found for the *NAACP* Plaintiffs and entered a permanent injunction prohibiting Defendants Lee and the Supervisors of Elections from enforcing the Drop-Box Provisions and the Solicitation Definition. The Court relied on testimony from the *NAACP* Plaintiffs' witnesses and experts' testimonies, including Dr. Burch, Dr. Smith, and Mr. Cooper, to find that the Drop-Box Provisions and the Solicitation Definition were enacted with the intent to discriminate against Black voters, in violation of the Fourteenth Amendment, the Fifteenth Amendment, and Section 2 of the VRA.

*Second*, based on Florida's longstanding pattern of imposing burdens on Black voters, as demonstrated by the *NAACP* Plaintiffs, the Court imposed a preclearance remedy pursuant to Section 3(c) of the VRA, subjecting Florida to ten years of court supervision of election law changes relating to, *inter alia*, drop boxes and "line warming" activities.

"line warming" activities are protected by the First Amendment, *id.* at 160-67, and that the Solicitation Definition, as broadened and expanded by SB 90, is both impermissibly vague such that it chilled Plaintiffs' speech in violation of the Due Process Clause of the Fourteenth Amendment, *id.* at 167-81, and overbroad in violation of the First Amendment, *id.* at 181-85.[5]

The Secretary appealed this Court's judgment on July 11, 2022.[6] The *NAACP* Plaintiffs expended significant time and resources opposing the Appeal and defending this Court's injunction against the enforcement of the Solicitation Definition. This included reviewing the trial record and post-trial filings, researching and writing the sections of the appellate brief pertaining to the Solicitation Definition, and preparing for oral argument. On April 27, 2023, the Eleventh Circuit affirmed, in part, this Court's judgment on the Solicitation Definition, finding that the second half of the definition, "which prohibits engaging in any activity *with the . . . effect* of influencing a voter," is "impermissibly vague in all of its applications."

---

[5] The Court did not reach the *NAACP* Plaintiffs' claims that the Drop-Box Provisions and the Solicitation Definition unduly burden the right to vote under the Supreme Court's *Anderson-Burdick* test under the First and Fourteenth Amendments, *id.* at 244–45, and did not reach the challenge to the Solicitation Definition on preemption grounds, *id.* at 187–88. With respect to the VBM Request Provision, the Court entered judgment in Defendants' favor under the *Anderson-Burdick* test. *Id.* at 246–55. The Court entered judgment for Defendants on the *NAACP* Plaintiffs' ADA claim. *Id.* at 218–44.

[6] The Eleventh Circuit reversed the Court's judgment on the Fourteenth and Fifteenth amendments and VRA claims, on appeal.

*League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 947 (11th Cir. 2023) (internal quotations and citations omitted).[7] As a result of the *NAACP* Plaintiffs' pursuing the First Amendment claim and obtaining injunctive relief against the enforcement of the Solicitation Definition, organizations like the Florida State Conference of Branches and Youth Units of the NAACP can continue to provide nonpartisan assistance to voters at the polls without fearing prosecution as a result of a voter misinterpreting their efforts as being intended to improperly influence their vote.

### III.  ARGUMENT

The NAACP Plaintiffs' success in obtaining permanent injunctive relief against the enforcement of the Solicitation Definition renders them "prevailing parties" under Section 1988.  As such, the NAACP Plaintiffs are entitled to an award of attorneys' fees, expert fees, and litigation expenses for their efforts related to the First Amendment claim, pursuant to Section 1988.

### A.  The *NAACP* Plaintiffs are "prevailing parties" under Section 1988.

Section 1988 entitles plaintiffs in Section 1983 actions to recover reasonable attorney's fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing

---

[7] The Eleventh Circuit did not find the first phrase of the definition, which prohibits engaging in activity with the "intent to influence a voter," to be either vague or overbroad. *Id*. at 946, 948.

suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (footnote and citation omitted). The Eleventh Circuit has emphasized that "the test for prevailing party status . . . is a permissive one." *Virdi v. Dekalb Cnty. Sch. Dist.*, 216 F. App'x 867, 869 (11th Cir. 2007).

The fee award formulation is "generous," *id.*, and designed to effectuate Congress's purpose "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley*, 461 U.S. at 429 (quoting H.R. Rep. No. 94-1558, at 1 (1976)). To establish entitlement, one need only "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). Both the Supreme Court and the Eleventh Circuit have "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (citation omitted).

A prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). "Moreover, because the special circumstances exception is a judicially imposed provision not found within the text of section 1988, the exception 'should be narrowly construed so as not to interfere with the congressional purpose in passing [section

10

1988].'" *Johnson v. Mortham*, 950 F. Supp. 1117, 1122 (N.D. Fla. 1996) (citation omitted) (quoting *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir. 1985) (en banc)), *on reconsideration in part*, 173 F.R.D. 313 (N.D. Fla. 1997).

Under these established standards, the *NAACP* Plaintiffs qualify as "prevailing parties" as a result of their success on their First Amendment claim challenging the Solicitation Definition.  ECF No. 351, at 284–85.  As a result of this Court's Order, and the Eleventh Circuit's partial affirmance, there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) (quoting *Sole v. Wyner*, 551 U.S. 74, 75 (2007)).

Finally, the fact that the *NAACP* Plaintiffs did not prevail on *all* of their claims does nothing to change the *NAACP* Plaintiffs' status as prevailing parties.  Plaintiffs in Section 1983 actions are entitled to fees under Section 1988 "if they succeed on *any* significant issue in litigation which achieves *some* of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (emphasis added).  Indeed, the Supreme Court has "rejected a test that required the plaintiff to win on the 'central issue' in the lawsuit, in part because '[b]y focusing on the subjective importance of an issue to the litigants, it asks a question which is almost impossible to answer.'" *See Virdi*,

216 F. App'x at 869 (quoting *Tex. State Tchrs. Ass'n*, 489 U.S. at 791). Courts routinely award plaintiffs prevailing party status when they prevail on just one of several claims in litigation. *See, e.g.*, *id.* at 867 (awarding prevailing party status to a plaintiff who prevailed on a facial constitutional challenge to a minority vendor program but lost claims of intentional racial discrimination); *Warnock v. Archer*, 380 F.3d 1076, 1083 (8th Cir. 2004) (awarding prevailing party status to a plaintiff who prevailed on establishment clause claims alleging that certain prayers in schools were unconstitutional, but lost on various harassment claims); *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 765 (8th Cir. 2008) (awarding prevailing party status to "plaintiffs [who] prevailed on only one of the four counts in their complaint" bringing various constitutional challenges to a student apparel policy imposed by a public school district). The *NAACP* Plaintiffs more than satisfy this permissive test because they prevailed and secured injunctive relief on one of the core constitutional claims in the litigation.

**B.     As prevailing parties, the *NAACP* Plaintiffs are entitled to attorneys' fees, costs, and expenses, including expert fees for their efforts related to the First Amendment claim.**

As prevailing parties under Section 1988, the *NAACP* Plaintiffs may recover "a reasonable attorney's fee" for work related to pursuing the First Amendment challenge to the Solicitation Definition.  28 U.S.C. § 1988.

Moreover, the *NAACP* Plaintiffs are entitled to additional litigation expenses.  Courts have held that "[a]n award of attorney's fees under section 1988 also includes various costs and expenses, over and above those outlined in [28 U.S.C. § 1920], the general statute for taxation of costs." *Johnson*, 950 F. Supp. at 1126 (footnotes omitted).

The definition of reasonable litigation expenses is broad, including such items as photocopying charges, fees of process servers, travel, and related meal expenses, as well as telephone, postage, computer research, and data hosting and processing fees. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285 (1989) (noting that the "fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit"); *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (1st Cir. 2014) (collecting cases detailing types of reasonable litigation expenses);

13

*N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1337 (1st Cir. 1987) ("'[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988' and 'the standard of reasonableness is to be given a liberal interpretation.'") (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (1st Cir. 1983)). Accordingly, the *NAACP* Plaintiffs respectfully request that the Court determine that they are also entitled to their reasonable costs incurred.

### C. The Court should award fees against Defendant Lee.

The Court entered judgment for the *NAACP* Plaintiffs against Defendants Lee and Volusia County Supervisor of Elections Lewis on the *NAACP* Plaintiffs' vagueness challenge to the Solicitation Definition. The Court's injunction of the Solicitation Definition did not issue against the Secretary, because she had disclaimed responsibility for it, resulting in the Court's dismissal of that claim against the Secretary. ECF No. 249, at 24–25. But the Secretary then voluntarily reinserted herself as a defendant against that claim. ECF No. 300. The Court should award the *NAACP* Plaintiffs' fees against Defendant Lee as discussed below. The *NAACP* Plaintiffs do not seek a fee award against Supervisor Lewis.

14

### 1. Defendant Lee is liable for fees due to her intervention to defend the Solicitation Definition.

The Court should hold Defendant Lee liable for fees based on her intervention to defend the Solicitation Definition. An award of fees against an intervenor is subject to a higher standard, requiring a showing of wrongdoing or fault. *Mallory v. Harkness*, 923 F. Supp. 1546, 1552 (S.D. Fla. 1996), *aff'd*, 109 F.3d 771 (11th Cir. 1997); *see also Indep. Fed'n. of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989). But that requirement is easily met against Defendant Lee here.

Much like the Florida Attorney General in *Mallory*, by intervening to defend the Solicitation Definition, Defendant Lee "defended the unconstitutional statute voluntarily and in doing so attempted to aid in the offending statute's enforcement." *Mallory*, 923 F. Supp. at 1553. Having successfully extricated herself from the challenge to the Solicitation Definition, Defendant Lee then affirmatively sought to reestablish herself as a defendant "so that she may defend all statutory provisions being challenged before this Court." ECF No. 300. Defendant Lee's counsel took the lead at trial in defending the Solicitation Definition alongside the other provisions, and defended it on appeal. In contrast, the Supervisors—the only non-intervenor Defendants with respect to the Solicitation Definition—took a far less active role, with only Supervisor Earley's counsel and Supervisor White's

15

counsel asking any questions at trial, and then only a handful. Supervisor Lewis did not appear at trial at all.

A state official, "acting as a representative of the state, cannot be 'innocent' in terms of violating the Plaintiff's civil rights" when "[t]he state enacted, enforced, and defended the unconstitutional statute." *Mallory*, 923 F. Supp. at 1553. Just as in *Mallory*, here "[t]he state should not be allowed to require [officials] to enforce an unconstitutional statute, defend that statute on the merits as an intervenor in federal court, and then attempt to use its intervenor status to escape liability for attorney's fees. Allowing such a loophole violates the policy behind 42 U.S.C. § 1988." *Id.* Thus, the Court should award attorneys' fees against Defendant Lee based on her voluntary intervention to defend the Solicitation Definition.

## IV. CONCLUSION

For the reasons discussed above, the Court should find that the *NAACP* Plaintiffs are prevailing parties entitled to an award of their reasonable attorneys' fees and costs, including reasonable and related litigation expenses for their efforts to obtain injunctive relief against the enforcement of the Solicitation Definition, and that those fees and costs should be awarded against Defendant Lee as discussed above. In accordance with the local rules, should the Court grant this Motion, the *NAACP* Plaintiffs will

16

then file a subsequent motion to determine the fee amount with supporting material focused on the fees and expenses related to Plaintiffs' work on the First Amendment claim.

| | |
|---|---|
| Dated:  February 22, 2024 | Respectfully submitted, |
| | /s/ Amia L. Trigg |
| P. Benjamin Duke* | Amia L. Trigg* |
| COVINGTON & BURLING LLP | NAACP LEGAL DEFENSE & |
| 620 Eighth Avenue | EDUCATIONAL FUND, INC. |
| New York, NY 10018 | 700 14th Street NW, Ste. 600 |
| (212) 841-1000 | Washington, DC 20005 |
| pbduke@cov.com | (202) 682-1300 |
| | atrigg@naacpldf.org |
| Cyrus Nasseri* | |
| COVINGTON & BURLING LLP | Morenike Fajana* |
| 850 Tenth Street, N.W. | Michael Pernick |
| Washington, DC 20001 | NAACP LEGAL DEFENSE & |
| (202) 662-6000 | EDUCATIONAL FUND, INC. |
| cnasseri@cov.com | 40 Rector Street, 5th Floor |
| | New York, NY 10006 |
| Ellen Y. Choi* | (212) 965-2200 |
| Nia Joyner* | mfajana@naacpldf.org |
| COVINGTON & BURLING LLP | mpernick@naacpldf.org |
| 415 Mission Street, Suite 5400 | |
| San Francisco, CA 94105 | Nellie L. King (Fla. Bar No. 99562) |
| (415) 591-6000 | THE LAW OFFICES OF NELLIE L. KING, |
| echoi@cov.com | P.A. |
| njoyner@cov.com | 319 Clematis Street, Suite 107 |
| | West Palm Beach, FL 33401 |
| | (561) 833-1084 |
| | Nellie@CriminalDefenseFla.com |
| | |
| | *Admitted pro hac vice |
| | *Counsel for the NAACP Plaintiffs* |

17

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(B), counsel for the Plaintiffs conferred with counsel for the Secretary and confirms that the Secretary opposes the requested relief.

Pursuant to Local Rule 7.1(F), this Motion contains 3,494 words, excluding the case style, conferral certification and certificate of service.

                                             /s/ Amia L. Trigg
                                             Amia L. Trigg

                                             *Counsel for the NAACP Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on the 22nd day of February.

                                             /s/ Amia L. Trigg
                                             Amia L. Trigg

                                             *Counsel for the NAACP Plaintiffs*