UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH
UNITS OF THE NAACP, *et al.*,

    Plaintiffs,

v.

CORD BYRD, *et al.*,

    Defendants.
_____/

Case No. 4:21-cv-187-MW/MAF

**DECLARATION OF JAMES M. SLATER REGARDING
FLORIDA NAACP PLAINTIFFS' ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, I, James M. Slater, declare as follows:

1. I submit this declaration in support of the Florida State Conference of Branches and Youth Units of the NAACP, Disability Rights Florida and Common Cause's (collectively, the "Florida NAACP Plaintiffs") motion for attorney's fees. I have personal knowledge of the facts set forth in this declaration and, if necessary, I could and would competently testify to those facts.

2. I have been a member of the Florida Bar in good standing since 2014. I am also admitted to practice in Georgia, Colorado, Washington, the District of Columbia, and in the United States District Courts for the Southern, Middle, and Northern Districts of Florida, the District of Colorado, the District of the District of

Columbia, the Northern District of Georgia, the Western District of Washington, and the Eastern District of Texas, as well as the United States Court of Appeals for the Fifth, Eleventh and Federal Circuits. I have also been admitted *pro hac vice* in the United States District Courts for the Southern District of New York and Southern District of Texas.

3. I am the owner of Slater Legal PLLC, a boutique law firm where I primarily handle First Amendment, defamation, civil rights, public records, and intellectual property matters. Prior to launching Slater Legal PLLC, I served as a judicial law clerk to the Honorable Chris M. McAliley of the Southern District of Florida, directed the Homeless Legal Advocacy Project at Legal Services of Greater Miami, and litigated speech, intellectual property, and business law matters at other boutique firms.

4. At Slater Legal PLLC, I have represented dozens of prisoners, detainees, and their families in cases involving matters concerning their Eighth and First Amendment rights in prisons and jails. Outside of the carceral context, I have defended dozens of individuals and companies in defamation cases in state and federal courts, mostly involving strategic lawsuits against public participation. In those matters, I primarily represent journalists, publications, and individuals who have been accused of defamation in the internet context—based on online reviews or social media posts. I have successfully resolved cases involving anonymous posts

on Glassdoor.com and Facebook, quashed a subpoena in Superior Court in San Francisco seeking to unmask an anonymous Redditor for their protected speech criticizing a true crime podcast, prevented the CEO of a finance company from unmasking a commenter on an investment forum over their comments about the CEO, and I have obtained other dismissals and favorable resolutions. I also represent activists in the First Amendment arena. I am currently defending a marine mammal activist in a case involving his criticism of the Miami Seaquarium. After moving to dismiss the Seaquarium's defamation counts in the complaint, the Seaquarium has abandoned those claims. I have also represented an activist in parallel cases brought in federal court by the Florida Attorney General and a crisis pregnancy center surrounding the activist's First Amendment activities in the wake of the *Dobbs* decision.

5. I also advise on and respond to cease and desist letters involving First Amendment activities, including a recent high-profile engagement where I represented a college student against Taylor Swift over a jet tracking application. *See* Drew Harwell, *Taylor Swift threatens legal action against student who tracks her jet*, WASH. POST (Feb. 6, 2024), https://www.washingtonpost.com/technology/2024/02/06/taylor-swift-jet-tracking-legal-threat/.

3

6. I have appeared in nineteen matters in this District, in twelve of which I have appeared as lead counsel, and in one of which I served as first-chair trial counsel in a jury trial. The cases I have worked on in this District have involved prisoners' and detainees' rights under the First, Eighth, and Fourteenth Amendments as well as the Americans with Disabilities Act of 1990 and Rehabilitation Act, police misconduct claims under the Fourth Amendment, intellectual property disputes, and defamation matters.

7. The majority of my cases are fee-generating under 42 U.S.C. § 1988, 42 U.S.C. §§ 12205, and 29 U.S.C. § 794a. Certain defamation cases also have fee-shifting mechanisms under section 768.295, Florida Statutes. The primary mechanism for resolving fees in my prisoners' rights and police misconduct cases has been through a global out-of-court settlement without a separate fee application. In a review of my records, I have found one case in which I was awarded fees in the section 1983 context—*Johnson v. Hill*, Case No. 4:18-cv-282-MW/MAF (N.D. Fla.) (ECF No. 123), which was resolved by a consent judgment, awarding attorney's fees under the Prison Litigation Reform Act capped rate of $237 per hour. Otherwise, my records reveal two other cases where I have made a fee request to the court.

8. The first is *In the Matter of Subpoena Issued to Reddit Inc. in John Doe v. Mike Boudet et ano.*, CPF-22-517749 (San Francisco Sup. Ct. 2022). As described briefly above, that case involved a defamation matter filed in Miami-Dade, Florida

circuit court against an anonymous Redditor, who had posted some comments on Reddit criticizing a true crime podcast and its host. The libel-plaintiffs issued a subpoena to Reddit seeking to unmask our client in California, which we moved to quash. My firm spent 35.5 hours to litigate whether the subpoena impinged our client's First Amendment right to anonymous speech under California law. The Court found that amount of time and my then-hourly rate of $350 reasonable under the circumstances, and awarded the full amount requested by me and my co-counsel (who had sought 29.7 hours of time at $450 per hour). After the subpoena was quashed, the libel-plaintiffs dismissed their defamation suit in Miami.

9. The other matter remains pending in the United States District Court for the Southern District of Florida, after removal. There, I am defending a Ukrainian online publication and its proprietor in a defamation lawsuit brought by an attorney who asserts the publication defamed him. *Aleksey Tovarian v. Rubic, LLC*, Case No. 2:24-cv-14037 (S.D. Fla.). After removal, we sought to dismiss the entire action for several reasons and seek fees under Florida's anti-SLAPP statute (section 768.295). After the court warned the plaintiff to consider our dismissal arguments, the plaintiff abandoned his claim against the publication's owner, and I timely moved for attorney's fees on her behalf. There, I am seeking 10.64 hours—half the time billed on the motions to dismiss—at an hourly rate of $500. That matter was referred to the magistrate judge for a report and recommendation and has not been resolved.

10. Apart from my own fee requests, I also have experience in helping to resolve fee petitions from my experience clerking for a federal magistrate judge in the Southern District of Florida. During that period, I routinely assisted my judge in reports and recommendations and orders on fee awards in the context of wage and hour cases, civil rights cases, and resolution of offers of judgment, among other matters.

11. Here, I have been asked to review the hourly rates and time entries of the attorneys for the Florida NAACP Plaintiffs.

12. In connection with my evaluation, have reviewed the complete docket sheet for these consolidated cases, as well as the following pertinent pleadings and docket entries, namely the Amended Complaint, the Final Order Following Bench Trial, the Opinion of the Eleventh Circuit Court of Appeals, and the trial court's Order Granting Plaintiffs' Motion to Determine Entitlement to Attorneys' Fees. I understand that the fees sought by the Florida NAACP Plaintiffs are as prevailing parties on their First Amendment challenge to Solicitation Definition of SB90.

13. I have also reviewed the complete billing statements for the NAACP Legal Defense Fund ("LDF") attorneys and the attorneys at Covington & Burling, LLP. And I am familiar with the attorney's fee guidelines set forth in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir 1974), and in Rule 4-1.5 of the Rules of Professional Conduct of the Florida Bar, and I am familiar with

the caselaw on the topic of fee reasonableness, such as *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1998).

14. The hourly rates sought by the LDF attorneys are: $350 for Amia Trigg, who graduated law school in 2011, Morenike Fajana, who graduated in 2013, and Michael Pernick, who graduated in 2015; $325 for Mahogone Reed, who graduated in 2016; and $125 for Kaisha Oliver, a paralegal. Based on my experience in the area, these rates are in line with the prevailing market rates in the Northern District of Florida based on each timekeeper's respective level of experience.

15. I have also reviewed the detailed time entries for LDF. According to those entries: Ms. Trigg billed 650.1 hours; Ms. Fajana billed 339.2 hours; Mr. Pernick billed 141.8 hours; Ms. Reed billed 206.5 hours; and Ms. Oliver billed 7.9 hours. The total amount billed by LDF based on the rates above is $463.985.00, which accounts for LDF's entire prosecution of the Florida NAACP Plaintiffs' challenge to SB90. I also understand that LDF is only seeking an award totaling 30% of the total time billed, or $139,195.50, as Florida NAACP Plaintiffs are prevailing parties as to the First Amendment challenge to SB90 and not their other challenges under the Fourteenth Amendment, the American with Disabilities Act, and any other claims from their Amended Complaint. Based on my review of the time records, the pleadings and relevant orders and opinions, and understanding of the complex nature of this challenge to SB90, I find that the time expended and fee requested by LDF

to be reasonable.

16. The hourly rates sought by Covington & Burling, LLP are: $450 for Robert D. Fram, who graduated law school in 1985; $435 for Benjamin P. Duke, who graduated in 1993; $350 for Benjamin L. Cavataro and Miles L. Galbraith, who graduated in 2014, and Uttara Dukkipati, who graduated in 2015; $325 for Jad H. Khazem and Virginia A. Williamson, both graduated in 2016; $312.50 for Cyrus S. Nasseri and Morgan E. Saunders, both graduated in 2017; $300 for Ellen Y. Choi, Michael A. Fletcher, and Dillon H. Grimm, all graduated in 2018; $250 for Elizabeth T. Fouhey and Shira M. Poliak, graduated in 2019, and Nia A. Joyner, graduated in 2021; and $100 for Rohna R. Houston, paralegal specialist, and $75 for Stuart D. Gethers, paralegal, and Azza Khalifa, paralegal. Based on my experience in the area, these rates are in line with the prevailing market rates in the Northern District of Florida based on each timekeeper's respective level of experience.

17. I have also reviewed the detailed time entries for Covington & Burling, LLP. According to those entries: Mr. Fram billed 268.3 hours; Mr. Duke billed 695.6 hours; Mr. Cavataro billed 643.1 hours; Mr. Miles billed 303 hours; Ms. Dukkipati billed 65.9 hours; Ms. Williamson billed 249.1 hours; Mr. Khazem billed 149.3 hours; Ms. Saunders billed 475.3 hours; Mr. Nasseri billed 333.7 hours; Ms. Choi billed 331 hours; Mr. Fletcher billed 701.3 hours; Mr. Grimm billed 119.5 hours; Ms. Poliak billed 451.2 hours; Ms. Fouhey billed 392.5 hours; Ms. Joyner billed

769.5 hours; Ms. Houston billed 69.3 hours; Mr. Gethers billed 267.1 hours; and Ms. Khalifa billed 400.2 hours.

18.   The total amount billed by Covington & Burling, LLP based on the rates above is $1,965.631.00 which accounts for Covington & Burling's entire prosecution of the Florida NAACP Plaintiffs' challenge to SB90. I also understand that like LDF, Covington & Burling is only seeking an award totaling 30% of the total time billed, or $589,689.30, as the Florida NAACP Plaintiffs are prevailing parties as to the First Amendment challenge to SB90 and not their other challenges under the Fourteenth Amendment, the American with Disabilities Act, or any other claims from their Amended Complaint. Based on my review of the time records, the pleadings and relevant orders and opinions, and understanding of the complex nature of this challenge to SB90, I find that the time expended and fee requested by LDF to be reasonable.

19.   It is apparent that this is a complex case involving the various plaintiffs' legal challenge to SB90, which involved a lengthy bench trial with dozens of witnesses. It is likely that the Florida NAACP Plaintiffs would not have been able to secure qualified and experienced counsel willing and able to handle this extensive challenge absent the assistance provided by both LDF and Covington & Burling.

20.   In sum, the total attorneys' fees sought by the Florida NAACP Plaintiffs appears reasonable based on my experience and based on my review of the case file

9

and pleadings, particularly in view of the billing judgment exercised and the discount applied.

I declare under penalty of perjury under that the foregoing is true and correct. Executed on August 1, 2024 in Atlanta, Georgia.

                                            James M. Slater