IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF THE NAACP, et. al.,

    *Plaintiffs*,

v.                                           Case No.:  4:21cv187-MW/MAF

CORD BYRD, in his official
capacity as Florida Secretary of
State, et al.,

    *Defendants*,

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DETERMINE FEE AMOUNT**

This Court has considered, without hearing, Plaintiffs' motion to determine the amount of attorneys' fees, ECF No. 416, Defendant's response, ECF No. 422, and all attachments.[1] For the reasons set out below, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of

---

[1] This Court granted leave to file a reply, but Plaintiffs did not file a reply by the November deadline. *See* ECF No. 423.

hours an attorney reasonably expended on the litigation. *Id.* Where the time or fees claimed seem excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Id.* at 1303. The burden of establishing that the fee request is reasonable rests with the fee applicant, who must "submit evidence regarding the number of hours expended and the hourly rate claimed." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-CV-93, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

This Court begins with an analysis of the hourly rates Plaintiffs' attorneys seek. This Court then considers whether Plaintiffs' submissions demonstrate that the number of hours claimed are reasonable. Finally, this Court considers whether the results in the case warrant adjustment of the lodestar figure.

A. <u>Reasonable Hourly Rates</u>

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (quoting *Norman*, 836 F.2d at 1299). "The party seeking attorney's fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Id.* In establishing a reasonable hourly rate, the court may "rely on its

own expertise and where appropriate" and may also consider certain case-specific factors.[2] *Id.*

Here, Tallahassee represents the relevant legal market for purposes of this analysis. Plaintiffs seek hourly rates ranging from $75.00 an hour for paralegals to $450.00 an hour for senior counsel with over thirty years of experience. *See* ECF No. 416 at 13–14. Plaintiffs also submitted a declaration from their attorneys' fee expert, James Slater. ECF No. 416-1. Mr. Slater's declaration opines that, based on his expertise, his review of the case, and the lawyers' billing records, the hourly rates that Plaintiffs seek are reasonable. In turn, Defendant also agrees that Plaintiffs' requested hourly rates are reasonable. ECF No. 422 at 5. Accordingly, without objection from Defendant and based on this Court's own expertise, this Court finds Plaintiff's proposed rates to be reasonable.

## B. <u>Numbers of Hours Reasonably Expended</u>

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general

---

[2] "These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Maner*, 602 F. App'x at 492 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)).

subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008). The Eleventh Circuit has "recognized that in cases 'where fee documentation is voluminous,' it will not be feasible to require a court to 'engage in such a precise [hour-by-hour] review.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)) (finding 569.3 hours to be sufficiently voluminous that no hour-by-hour analysis was required). Accordingly, given the voluminous records in support of Plaintiffs' fee request, this Court will do rough justice by performing across-the-board reductions where necessary.

4

Plaintiffs' attorneys expended well over 14,000 hours litigating this case. *See* ECF No. 416 at 16 (noting that Plaintiffs seek fees for over 8,000 hours and explaining that they have removed over 6,000 additional hours from the fee calculation). However, Plaintiffs' fee request accounts for only 8,030.40 hours of attorney time, after exercising billing judgment in reducing the hours sought by nearly half. *Id*. In response, Defendant argues that the requested time, even after the asserted exercise in billing judgment, is unreasonable.[3] Defendant points to its fee expert's declaration in support of the argument that "too many Plaintiffs' attorneys worked on this case, the vagueness issues are discrete and involved little facts, and given the attorneys' specialization in voting-rights cases, their familiarity with voting-rights law should have greatly reduced the hours sought in this case." ECF No. 422 at 7. This Court agrees.

By any measure, employing 19 attorneys for over 8,000 hours to litigate the discrete issue concerning the solicitation ban's vagueness is unreasonable. Notwithstanding Plaintiffs' fee expert's generalized opinion that the amount of time spent on this case is reasonable, *see* ECF No. 416-1 at 9, this Court is persuaded, both based on its own expertise in assessing reasonable fees and by Defendant's fee expert's recommendation, that an additional 45% reduction is warranted to account

---

[3] This Court is unpersuaded by Defendant's initial position as to reasonableness of hours, which is just a repackaged argument challenging Plaintiffs' entitlement to fees as prevailing parties.

5

for the excessive number of hours Plaintiffs have requested. Accordingly, this Court imposes an across-the-board reduction of 45% to Plaintiffs' requested hours for a total number of hours reasonably expended in this litigation of 4,416.72. Multiplied by the attorneys' reasonable hourly rates yields a lodestar of **$1,336,288.80.**[4]

### C. Adjustment of Lodestar Due to Results Obtained

"[T]here is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (internal quotation marks omitted). "If the lodestar is reasonable, a downward adjustment is merited only if the prevailing party was partially successful in its efforts." *Id.* (internal quotation marks omitted). "A district court must determine what counts as partial success on a case-by-case basis." *Id.*

"[I]n complex civil rights litigation involving numerous challenges to institutional practices or conditions," "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *See Hensley*, 461 U.S. at 436–40. But, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in

---

[4] Defendant's expert's lodestar calculation only takes into account the total for the Covington attorneys and does not include the fee request for LDF. *See* ECF No. 422-1 at 14 (calculating lodestar after 45% reduction as $1,081,097.05—which is only 55% of the $1,965,631.00 incurred by the Covington attorneys). This Court's calculation includes both firms' fee totals identified in the chart on ECF No. 416 at 18–19, then reduced by 45% to account for the excessive hours expended on this case.

considering the amount of a reasonable fee." *Id.* at 440. *"*Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours." *Norman*, 836 F.2d at 1302.

Here, Plaintiffs originally pressed nine counts challenging four separate provisions of Florida law under a plethora of legal theories. *See* ECF No. 45. Plaintiffs' challenges based on race and disability discrimination predominated over the proceedings with respect to Plaintiffs' case, both pre-trial and during the consolidated two-week bench trial. Nonetheless, only a small fraction of Plaintiffs' overall success before this Court survived on appeal to the Eleventh Circuit. As a result, Defendant asserts that the lodestar requires further reduction based on the limited success that Plaintiffs obtained in this case. Plaintiffs apparently agree, in part, and voluntarily reduced their lodestar by 70% to fairly account for the "value of those hours" sought. ECF No. 416 at 17. But Defendant's expert asserts a 90% reduction would more appropriately account for the limited results obtained. ECF No. 422-1 at 18. This Court agrees that a 90% reduction more appropriately accounts for the limited results obtained.

Accordingly, this Court agrees that a further reduction is necessary to account for the limited success obtained in this case. This Court is persuaded by Defendant's expert's recommendation that a 90% reduction is appropriate to account for the limited success obtained on the single claim that survived on appeal. Accordingly,

7

this Court will further reduce the adjusted loadstar by 90% to account for the results obtained, for a total fee award of **$133,628.88.**[5]

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' motion to determine amount of fees, ECF No. 416, is **GRANTED in part and DENIED in part.**

2. Plaintiffs are entitled to **$133,628.88** in attorneys' fees.

3. The Clerk shall enter a fee and cost judgment stating, "Plaintiffs are entitled to judgment against Defendants in the amount of **$133,628.88** in attorneys' fees, for which sum let execution rest."

4. The Clerk shall close the file.

**SO ORDERED on December 20, 2024.**

s/Mark E. Walker  
**Chief United States District Judge**

---

[5] This Court calculated the resulting fee award by reducing the adjusted lodestar amount of $1,336,288.80 (representing 55% of *both* firms' fees—accounting for a necessary reduction of excessive hours incurred during the litigation) by 90%.